# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED
2020 JUN 15 A 11: 22
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**GEORGE GARY WELLS,**

**PLAINTIFF,**

VS.   CV NO.:   2:20-cv-00410

**HAYNES AMBULANCE OF ALABAMA, INC.,**

**DEFENDANT.**   **JURY TRIAL DEMANDED**

## COMPLAINT

### I. JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2). This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993," 28 U.S.C. § 2601, *et. seq.* ("FMLA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

2. Defendant, Haynes Ambulance of Alabama, Inc., (hereinafter "Defendant") is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar workweeks in the current or preceding calendar

year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## II. PARTIES

3. Plaintiff, George Gary Wells, (hereinafter "Plaintiff") is a resident of Slocomb, Geneva County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Northern Division.

4. Defendant Haynes Ambulance of Alabama, Inc. (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2601, *et seq.* Defendant employed at least fifty (50) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Defendant hired Plaintiff on or about December 17, 2018.

7. Defendant employed Plaintiff as a Flight Paramedic.

8. Defendant terminated Plaintiff's employment on April 5, 2020.

9. On March 18, 2020, President Trump signed into law the Families First Coronavirus Response Act, which included "The Emergency Family and Medical Leave Expansion Act (EFMLEA), which amends Title I of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (FMLA), permitting certain employees to take up to twelve weeks of expanded family and medical leave for specified reason related to COVID-19.

10. On April 1, 2020, the United States Department of Labor's Wage and Hour Division Administrator issued regulations related to the Families First Coronavirus Response Act and EFMLEA and such regulations are cited as 29 C.F.R. §§ 826.10-826.153.

11. The effective regulations codified as 29 C.F.R. §§ 826.10-826.153 became operational on April 1, 2020.

12. The effective regulations codified as 29 C.F.R. §§ 826.10-826.153 are effective form April 2, 2020 through December 31, 2020.

13. During the 12-month period prior to April 5, 2020, Defendant employed Plaintiff for at least 1,250 hours of service.

14. Defendant employed fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of 2019 and/or 2020.

15. During the week of April 5, 2020, Defendant employed fifty or more employees that worked within 75 miles of the location where Defendant assigned Plaintiff to work.

16. Plaintiff is the father of two minor children, hereinafter referred to as Child A and B.

17. Child A is 14 years of age.

18. Plaintiff is the sole custodial parent of Child A, such that Child A lives in Plaintiff's home full time.

19. Child B is ten years of age.

20. Plaintiff and Child B's mother share joint custody of Child B, such that Child lives in Plaintiff's home on days that Plaintiff's is not working.

21. Child B is the half-sibling of Child A.

22. Child A attends Slocomb High School located in Slocomb, Alabama.

23. Child B attends Slocomb Elementary School located in Slocomb, Alabama.

24. On March 13, 2020, Governor Ivey signed a Proclamation stating the closure of all Alabama public schools until April 6, 2020.

25. On March 26, 2020, Governor Ivey signed a Proclamation stating that Alabama Public schools will complete the 2019-2020 school year "by using alternate

methods of instruction as established by the State Superintendent of Education"; thus canceling child care for all parents of children aged 6-18 in the State of Alabama.

26. Plaintiff's adult daughter, Ava Wells, resides with Plaintiff and Child A & B.

27. Plaintiff's adult daughter works as a driver for Dothan Ambulance Service, such that she is not suitable person to care for Plaintiff's minor children due to her own employment and ineligibility to take leave pursuant to the EFMLEA.

28. Plaintiff is a single parent and no other suitable person was available to care for Child A & B while he performed his job duties for the benefit of the Defendant.

29. Defendant employed Brittany Daar.

30. Daar works or worked as Defendant's Human Resource Administrator.

31. On March 29, 2020, Plaintiff asked Daar about the ***possibility*** of taking EFMLEA leave due to the closing of schools caused by Governor Ivey's Order directing closure of Alabama public schools, such that he complied with the "oral notice" contemplated by 29 C.F.R. § 826.90(c).

32. Prior to March 29, 2020, Plaintiff had never previously informed Defendant of the need for FMLA leave to care for himself, his children, or a spouse.

33. Daar stated that Defendant did not have to provide its employees with EFMLEA or workers compensation benefits as a result of the COVID-19 pandemic.

34. Defendant failed to post any notice of EFMLEA rights as required by 29 C.F.R. § 826.80(c).[1]

35. Defendant is a private employer as defined by 29 C.F.R. § 826.40(a).

36. Defendant employs fewer than 500 employees.

37. Defendant is potentially a health care provider and or emergency responder that **may** exclude employees from the EFMLEA's expanded Family and Medical Leave requirements. See 29 C.F.R. § 826.30(c)(emphasis added).

38. Defendant failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

39. Defendant failed to provide Plaintiff with an FMLA Designation Notice form wherein such notice would have informed Plaintiff of that (1) his request for EFMLEA notice was not approved, (2) that the FMLA did not apply to his request; or, (3) he had exhausted his previous use of FMLA.[2]

40. Defendant terminated Plaintiff's employment on April 5, 2020.

41. Defendant employed Mark Presnell.

42. Presnell works or worked as Defendant's Chief Flight Nurse.

43. Defendant employed Jim Goodreau.

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/posters/FFCRA_Poster_WH1422_Non-Federal.pdf
[2] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/WH-382.pdf

44. Goodreau works or worked as Defendant's Life Flight Operations Manager.

45. Presnell and Goodreau informed Plaintiff that Defendant terminated his employment.

46. Presnell and Goodreau stated that Defendant's reason for terminating Plaintiff's employment was that his questions about his taking EFMLEA leave "ruffled feathers at the top" and caused "animosity" between employees and Defendant's management and that "everyone is talking about it."

47. But for Plaintiff's questions about the ***possibility*** of taking EFMLEA leave due to the closure of his minor children's public schools, Defendant would not have terminated Plaintiff's employment.

48. Prior to Plaintiff's questions about the ***possibility*** of taking EFMLEA leave due to the closure of his minor children's public schools, Defendant had never issued any disciplinary write-ups to Plaintiff because of his work performance.

49. Pursuant to 29 C.F.R. § 826.151(a), Plaintiff engaged in the exercise of his rights wherein he attempted to take leave under the EFMLEA.

## IV. COUNT ONE – FMLA/ELFMEA INTERFERENCE & RETALIATION

50. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 49 above as if fully set forth herein.

51. In violation of 29 U.S.C. § 2615, Defendant discharged Plaintiff's employment for attempting to exercise his rights made possible by the EFMLEA.[3]

52. Defendant's actions in terminating Plaintiff's employment is a tangible adverse job action such that other employees of Defendant might well be dissuaded in the future from asking questions about the exercise rights made available pursuant to the EFMLEA and/or FMLA.

53. As a result of Defendant's discriminatory termination decision in violation of the FMLA and EFMLEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act and the Emergency Family and Medical Leave Expansion Act;

---

[3] "And the substance of the FMLA… is that an employer may not do bad things to an employee who has exercised or **attempted to exercise** any right rights under the statute. *See Smith v. Bellsouth Telecomms, Inc.*, 273 F. 3d 1303 (2001)(citing *Brungart v. Bellsouth Telecommunications, Inc.*, 231 F. 3d 791, 798n .5 (11th Cir. 2000)(emphasis added).

B.  Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C.  Award him back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages;

D.  Attorneys' fees and costs;

E.  Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 2601 *et seq*. that the actions of Defendant violated the law; and,

F.  Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

/s/ Allen D. Arnold

Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
(205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Haynes Ambulance of Alabama, Inc.
2530n E. 5th Street
Montgomery, Alabama 36107-3106

PLAINTIFF REQUESTS TRIAL BY STRUCK JURY